**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

FREDRICK HERMAN FISHER,

Plaintiff,

v. Case No. 03-CV-71804-DT

WILLIAM OVERTON, et al.,

Defendants.
________________________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR THE APPOINTMENT OF COUNSEL" AND "MOTION FOR TEMPORARY RESTRAINING ORDER . . ."**

This *pro se* prisoner case brought under 42 U.S.C. § 1983 is before the court following a remand by the Sixth Circuit Court of Appeals. Plaintiff Fredrick Herman Fisher sued William Overton, Director of the Michigan Department of Corrections ("MDOC") and nine other Defendants employed by MDOC, seeking damages and injunctive relief based on claims that his health has been seriously harmed by second hand smoke caused by MDOC's failure to enforce federal and state anti-smoking laws. Plaintiff sued Defendants in their individual and official capacities.

This court adopted a report and recommendation of a United State Magistrate Judge, dismissing Plaintiff's claims against the nine defendants other than Overton for failure to exhaust remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. This court also adopted a recommendation to dismiss the claims brought against Overton. On appeal, the Sixth Circuit affirmed the dismissal of Plaintiff's claims against the nine defendants other than Overton and affirmed the dismissal of the action for damages against Overton in his personal capacity. *Fisher v. Overton*, No. 04-1081,

Slip Opinion at *3 (6th Cir. Feb. 10, 2005). The Sixth Circuit, however, remanded for this court to consider Plaintiff's claim for injunctive relief against Overton in his official capacity under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908). The appellate court found that this court did not address the question of Overton's liability as an official of the state for prospective injunctive relief based on Overton's alleged deliberate failure to enforce anti-smoking laws in prison buildings. *Id.* at 4. The Sixth Circuit also expressly indicated that its remand "should . . . not be considered as ruling one way or the other on the question of whether Fisher has stated a cause of action for injunctive relief based on the theory of deliberate indifference to his serious medical needs as outlined in *Estelle v. Gamble*, 429 U.S. 97 (1976)." *Id.*

On April 5, 2005, following the appellate court's mandate, this court entered a scheduling order. This matter is currently before the court on two of Plaintiff's motions: (1) Plaintiff's May 5, 2005 "Motion for the Appointment of Counsel;" and (2) Plaintiff's May 12, 2005 "Motion for Temporary Restraining Order Until Adjudication of [His] Civil Rights Complaint is Completed." On May 17, 2005, Defendants filed a response to Plaintiff's motion for a temporary restraining order. For the reasons stated below, the court will deny both motions.

**I. MOTION TO APPOINT COUNSEL**

Although, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel," representation of counsel in a civil case is not a constitutional right. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). When considering a motion for appointment of counsel, the court "should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and

whether plaintiff's claim appears to have any merit." *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

Appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) "is a privilege that is justified only by exceptional circumstances," *Lavado*, 992 F.2d at 606, and is not appropriate when a *pro se* litigant's claims are frivolous, *Henry v. City of Detroit Manpower Dept.*, 739 F.2d 1109, 1119 (6th Cir. 1984), or when the chances of success are extremely slim. *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983); *McKeever v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982). A district court in examining an application for appointment of counsel is expected to exercise sound discretion. *Lavado,* 992 F.2d at 604-05.

Plaintiff seeks the appointment of counsel for several reasons, including his limited financial resources, limited knowledge of the law, and the allegedly complex issues in this case. The court, however, does not find that exceptional circumstances warrant appointment of counsel under § 1915(e)(1). There remains only one claim for injunctive relief based on the Eighth Amendment and Plaintiff has represented himself throughout this case, including on appeal. The court finds no reason why Plaintiff is now unable to adequately represent himself. As such, Plaintiff's motion to appoint counsel will be denied.

## II. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

In his motion for a temporary restraining order, Plaintiff argues that he has been transferred to and from various MDOC prison facilities in retaliation for exercising his constitutional rights and seeks a restraining order enjoining Defendants "from moving or

transferring Plaintiff from the Muskegon Correctional Facility (M.C.F.) . . . until after his all adjudication in this case is completed." (Pl.'s Mot. at 5.)

The decision of whether or not to issue a preliminary injunction falls within the sound discretion of the trial court. *Golden v. Kelsey-Hayes,* 73 F.3d 648, 653 (6th Cir.1996). A preliminary injunction is an extraordinary remedy that should be granted only if the movant carries its burden of proving that the circumstances clearly demand it. *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000).

When considering a motion for preliminary injunctive relief, courts must balance: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005).

The court will deny Plaintiff's motion because he has failed to establish that he is likely to suffer irreparable injury or that he has a strong likelihood of success on the merits. Plaintiff provides no evidence to support the nature and scope of the irreparable harm he would suffer. There are no objective medical records offered to support his allegations of his physical condition. Moreover, his motion fails to identify how Defendant Overton is failing to enforce anti-smoking laws causing a violation of his Eight Amendment rights. Plaintiff's current motion focuses on his allegations of retaliatory transfer which fall outside of the only remaining claim for injunctive relief against Defendant Overton. Plaintiff's retaliation claims are not before the court.

Plaintiff has also failed to make an adequate showing that he has a strong likelihood of success on the merits of his Eight Amendment claim of deliberate indifference. As described by the Sixth Circuit, Plaintiff's remaining § 1983 claim alleges a violation of the Eighth Amendment's proscription on cruel and unusual punishment. The Supreme Court has explained that prisoners have a constitutional right to medical treatment in certain circumstances under the Eight Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In *Estelle*, the Court explained that a prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs. *Id.* at 104; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001); *see also Smith v. Yarrow,* 78 Fed.Appx. 529, 535 (6th Cir. Oct. 20, 2003); *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) (violation of Eighth Amendment when prison officials are deliberately indifferent to serious medical needs of prisoners).

However, "[t]he Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Williams*, 186 F.3d at 691 (quoting *Hudson v. McMillian*, 503 U.S. 1, 20 (1992)). "A prison official cannot be found liable under the Eight Amendment for denying a prisoner humane conditions of confinement unless [he] knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "The Eighth Amendment does not outlaw cruel and unusual 'conditions;'

it outlaws cruel and unusual 'punishments.'" *Id.* at 837.

A claim based on deliberate indifference to a prisoner's serious medical needs under the Eighth Amendment has two components, an objective and a subjective component. *Comstock*, 273 F.3d at 702-03 (*citing Farmer*, 511 U.S. at 834). "To satisfy the objective component, the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id*. (citing *Farmer*, 511 U.S. at 834.) "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and he then disregarded the risk." *Id.* (citing *Farmer*, 511 U.S. at 837.) It is not enough that an official failed to alleviate a significant risk that *he should have perceived but did not*; in other words, negligence is not enough to rise to the level of punishment under the Eighth Amendment. *Id.* On the other hand, the plaintiff does not have to show that the official acted "for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Deliberate indifference to a substantial risk of harm to the prisoner "is the equivalent of recklessly disregarding that risk." *Id.* at 836.

Plaintiff provides no basis for the court to conclude that he is likely to prevail in showing both the objective and subjective elements of his Eight Amendment claim as it pertains to Overton's alleged failure to enforce anti-smoking laws with deliberate indifference to known medical needs.

## III. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for the Appointment of Counsel" [Dkt. # 64] and Plaintiff's "Motion for Temporary Restraining Order . . ." [Dkt. # 67] are DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 26, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 26, 2005, by electronic and/or ordinary mail.

S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522