**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FREDERICK HERMAN FISHER,

    Plaintiff,

v.                                                      Case No. 03-CV-71804-DT

WILLIAM OVERTON,

    Defendant.
                                                      /

**ORDER DENYING PLAINTIFF'S "MOTION FOR LEAVE TO REQUEST DISCOVERY AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADINGS AFTER DISCOVERY"**

This case is before the court following remand from the Sixth Circuit Court of Appeals. *See Fisher v. Overton*, 124 Fed. App'x 325 (6th Cir. 2005). The matter currently before the court is Plaintiff's motion for leave to request discovery and to file supplemental pleadings. For the reasons set forth below, the court will deny Plaintiff's motion.

**I. BACKGROUND**

Plaintiff filed this *pro se* prisoner case pursuant to 42 U.S.C. § 1983, and subject to the limitations of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Section 1997e(a) requires exhaustion of available administrative remedies. It provides, in relevant part: "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." A prisoner's § 1983 complaint "must allege and show" that exhaustion has occurred. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

Originally, Plaintiff sued Defendant Overton, Director of the Michigan Department of Corrections ("MDOC") and nine other defendants employed at MDOC, seeking both damages and injunctive relief.  His fundamental allegations surround a claim that his health has been seriously harmed by second-hand smoke caused by Defendants' failure to enforce federal and state anti-smoking law.  Defendants were named in their individual and official capacities.

This court adopted a magistrate judge's report and recommendation and ruled that Plaintiff's claims against the nine Defendants other than Overton should be dismissed because Plaintiff failed to name them in his grievance as required by 42 U.S.C. § 1997e.  The Sixth Circuit affirmed this ruling on appeal, finding that the exhaustion deficiencies in Plaintiff's complaint could not be overcome by amendment. *Fisher*, 124 Fed App'x at 327-28.

The Sixth Circuit also affirmed this court's dismissal of Plaintiff's claims against Defendant Overton in his personal capacity, *id.* at 328, but remanded for the court to address the "question of Overton's liability as an official for injunctive relief" under the doctrine of *Ex Parte Young*, 209 U.S. 123, 155-56 (1908).

Following the appellate court's mandate, the court entered a scheduling order and, on May 9, 2005, Defendant William Overton filed a "Motion to Dismiss an/or for Summary Judgment," seeking dismissal of Plaintiff's claim for prospective, injunctive relief against Overton in his official capacity.  Subsequently, on May 26, 2005, the court entered an order granting Plaintiff's request for an extension of time to file his response to the May 9, 2005 motion, ordering Plaintiff to file his response no later than June 20, 2005.  On June 17, 2005, Plaintiff filed his current motion seeking discovery and leave

2

y

to file supplemental pleadings along with his "Reply to Defendant's Motions [sic] for Dismissal or for Summary Judgment."

## II. STANDARD

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). This same rule, however, does not apply to a motion to dismiss for failure to state a claim under Rule 12(b)(6), which tests the legal, not factual, sufficiency of a claim. *See* Fed. R. Civ. P. 12(b)(6).

To establish the need for discovery material to respond to a summary judgment motion, the non-moving party must do more than make vague allegations or conclusory statements regarding the need for such discovery. *See* Fed. R. Civ. P. 56(f); *Triplett v. Connor,* 109 Fed.App'x 94 (6th Cir. 2004); *Lanier v. Bryant,* 332 F.3d 999, 1006 (6th Cir. 2003) ( "Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing."). A party attempting to persuade the district court that it has not been afforded adequate discovery must show that the additional facts and information obtained through discovery may disclose facts material to the issues presented in the pending motion. *Id.*

## III. DISCUSSION

Here, Plaintiff has not sufficiently identified information that would be material to his response to Defendant's May 9, 2005 motion. In his May 9 motion, Defendant Overton makes three arguments: (1) that Plaintiff's claim for injunctive relief should be dismissed because it is mooted by his transfer to another correctional facility and by the

3

end of Overton's employment with MDOC; (2) that Plaintiff's purported state law claim should be dismissed because it does not specify any Michigan state law violated, failing to state a claim upon which relief may be granted; and (3) that Plaintiff's conspiracy claim under 42 U.S.C. § 1985 also fails to state a claim for relief.

In his motion requesting discovery, Plaintiff relies on Rule 56(f) and seeks discovery information from the MDOC Bureau of Health Services in the following four areas: (1) Plaintiff's medical records reflecting his respiratory disease and condition; (2) records of prescription medications issued by MDOC employed doctors; (3) medical records regarding Plaintiff's two hospital stays while incarcerated; and (4) MDOC transfer orders related to Plaintiff.

The court is not convinced that these four categories of discovery information are material or necessary for Plaintiff to respond to Defendant's motion. There is no showing of how disclosure of this information is material to the pending motion to dismiss. The remaining claims in this case surround Plaintiff's § 1983 allegations against Overton in his official capacity, seeking injunctive relief based on an alleged failure to follow anti-smoking laws. Plaintiff's medical records, prescription records, and evidence related to Plaintiff's transfers are simply not necessary for Plaintiff to respond to Defendant's pending motion and the legal issues presented therein. Plaintiff has failed to establish the need for discovery at this stage in the litigation and his motion will be denied.

The court will also deny Plaintiff's request to "file supplemental pleading after discovery." In this portion of his motion, Plaintiff expresses a desire to file amended pleadings related to his transfers within MDOC. The claims remaining before the court

4

do not involve allegations of retaliatory transfers, nor is there any indication that such claims have been exhausted as required by the PLRA.

### IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Leave to Request Discovery and Motion for Leave to File Supplemental Pleadings After Discovery" [Dkt. # 72] is DENIED.

     S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  July 5, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 5, 2005, by electronic and/or ordinary mail.

     S/Lisa G. Teets
     Case Manager and Deputy Clerk
     (313) 234-5522