**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDERICK HERMAN FISHER,

        Plaintiff,

v.                                            Case No. 03-CV-71804-DT

WILLIAM OVERTON,

        Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

Pending before the court is Defendant William Overton's "Motion to Dismiss and/or for Summary Judgment" pursuant to Fed. R. Civ. P. 12(b)(6) and 56(b). Defendant's arguments deal solely with the question of whether Plaintiff's complaint fails to state a claim upon which relief can be granted. The court will therefore evaluate the motion as a motion for dismissal under Fed. R. Civ. P. 12(b)(6).  Defendant's motion will be granted in part and denied in part.

**I. BACKGROUND**

This matter stems from Plaintiff's May 2003 civil rights suit naming ten employees of the Michigan Department of Corrections as defendants in their personal and official capacities. Plaintiff alleged that the defendants were deliberately indifferent to his health needs because they refused to place him in a smoke-free facility, although he sent letters to the Director of the Michigan Department of Corrections (MDOC) and Defendant William Overton that noted his medical conditions of tuberculosis and

asthma.  He also claimed that the prison officials failed to enforce a no-smoking policy.

He sought damages and injunctive relief. On October 8, 2003, Magistrate Judge

Wallace Capel, Jr. issued a Report and Recommendation [Doc. # 37] recommending the

dismissal of the entire complaint, and this court adopted the R&R on November 26,

2003. The dismissal was based on Plaintiff's failure to exhaust remedies for nine of the

defendants and *respondeat superior* as to Overton [Doc. # 49].

On appeal, the Sixth Circuit upheld the decision to dismiss nine of the defendants

based on failure to exhaust remedies and the claim for damages against Overton.

*Fisher v. Overton*, 124 Fed.Appx. 325, *328 (February 15, 2005) [Doc # 59].  Thus, the

claim against Overton in a personal capacity remains dismissed.  However, the Court

reversed and remanded Plaintiff's claim for injunctive relief against Overton in his official

capacity.  *Id.*

In Defendant's "Motion to Dismiss and/or for Summary Judgment,"  Defendant

seeks dismissal of Plaintiff's claim for injunction against Overton and his state law and

conspiracy charges.

## II.  STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff,

accept all the factual allegations as true, and determine whether the plaintiff undoubtedly

can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk*

*v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176,

179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.

1995).  A motion to dismiss may be granted "only if it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations."
*Pratt v. Ventas, Inc.,* 365 F.3d 514, 519 (6th Cir. 2004) (internal quotation marks and
citation omitted). When an allegation is capable of more than one inference, it must be
construed in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101,
1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993);
*Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Hence, a judge may not grant a
Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  *Wright*,
58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare
assertion of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726
(6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01
(6th Cir. 1995).  The complaint must give the defendant fair notice of the plaintiff's claim
and the grounds upon which it rests.  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th
Cir. 1994); *Johnson v. City of Detroit*, 319 F. Supp. 2d 756, 759-60 (E.D. Mich. 2004).

"In practice, 'a . . . complaint must contain either direct or inferential allegations
respecting all the material elements to sustain a recovery under *some* viable legal
theory.'"  *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer
Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  "In determining whether to grant
a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint,
although matters of public record, orders, items appearing in the record of the case, and
exhibits attached to the complaint also may be taken into account."  *Amini v. Oberlin
College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (citing *Nieman v. NLO,
Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III. DISCUSSION

### A. Plaintiff's claim for injunctive relief

Defendant first argues that Plaintiff's claim for injunctive relief fails to state a claim upon which relief can be granted. However, these arguments are not persuasive, and Defendant's motion as to this count must be denied.

Defendant asserts that Plaintiff no longer resides at Southern Michigan Correctional Facility, the prison of which Defendant claims Plaintiff has complained, and that his claim for injunctive relief must be moot. Defendant relies on *Kensu v. Haight*, 87 F.3d 172 (6th Cir. 1996), in which the court held that a plaintiff's suit seeking injunctive relief against prison officials who examined legal mail outside his presence was moot because the plaintiff was no longer incarcerated at the institution of which he complained. 87 F.3d 172 at 175. However, *Kensu* is readily distinguishable from the present case because, unlike the plaintiff in *Kensu,* who alleged violations in one prison, Plaintiff's claim is asserted against the Director of MDOC, and his allegations are not prison-specific. Indeed, Plaintiff alleges that he has been transferred several times since he filed suit, and "that these transfers have resulted in plaintiff being repeatedly placed with smoking prisoners." (Pl.'s Resp. at 9.) He claims that he "has recently been transferred to the MCF prison and has been placed in a so-called, tobacco-free, housing unit" which "houses known smoking prisoners who smoke within the so-called, smoke-free, housing unit." *Id.* Plaintiff's claims are not limited to the first prison and, based on his complaints, injunctive relief would not be clearly moot.

Defendant next argues that Overton is no longer Director of Michigan Department of Corrections and therefore does not have power to carry out injunctive relief.

4

However, the present suit names Overton only in his *official* capacity and any successor

to his former office is automatically substituted as defendant.  *See* Fed. R. Civ. P. 25(d).

According to Fed. R. Civ. P. 25(d)(1),

> When a public officer is a party to an action in his official capacity and
> during its pendency dies, resigns, or otherwise ceases to hold office, the
> action does not abate and the officer's successor is automatically
> substituted as a party. Proceedings following the substitution shall be in
> the name of the substituted party, but any misnomer not affecting the
> substantial rights of the parties shall be disregarded. An order of
> substitution may be entered at any time, but the omission to enter such an
> order shall not affect the substitution.

The rule could not be more clear. Overton's successor is to be automatically

substituted as defendant. Omitting a change of name on the caption of the suit does not

affect the suit unless it affects the rights of the parties.[1]  Overton's retirement does not

render the action moot and dismissal will not be granted on such grounds.

Finally, Defendant has argued that injunctive relief is not available because

Plaintiff has failed to show that he has a clear legal right to a performance, and that the

public official had a clear legal duty to perform.  In order to state a claim for violation of

the Eighth Amendment based on exposure to second hand smoke, Plaintiff must

demonstrate that he has a medical condition serious enough that he needs smoke-free

prison quarters and that the defendants were deliberately indifferent.  *Hunt v. Reynolds*,

974 F.2d 734, 735 (6th Cir. 1992).  The Supreme Court has held that "deliberate

indifference to serious medical needs of prisoners constitutes the 'unnecessary and

---

[1]  The court will separately issue an order changing the caption of this case to
reflect the current Director of MDOC, Patricia Caruso.

wanton infliction of pain' ... proscribed by the Eighth Amendment. ... [D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The Supreme Court has further found that deliberate indifference can occur when prison officials maintain conditions of confinement that endanger medical conditions or are very likely to result in future serious medical conditions.  *Helling v. McKinney*, 509 U.S. 25 (1993) (holding that Plaintiff did state a viable cause of action for deliberate indifference by alleging that prison officials exposed him to second hand smoke).  Likewise, in *Reilly v. Grayson*, 310 F.3d 519 (6th Cir. 2002), the Sixth Circuit held that a prisoner had a right to be free from second-hand smoke exposure.  *Id.* at 519 (quoting *Hunt*, 974 F.2d at 735) ("[P]risoners have a right not to be exposed to environmental smoke that presents a serious risk to health and to be removed 'from places where smoke hovers.'").

In his complaint, Plaintiff has alleged facts that appear to fulfill the requirements for an Eighth Amendment claim.   Plaintiff's complaint asserts the existence of serious medical conditions of "bronchial asthma" and tuberculosis survival, and that Defendant's "callous deliberate indifference" to these needs has "shortened his life expectancy, [and] ruin[ed] his health and future health."  (Pl.'s Compl. at 5.)  While his form Complaint is, as Defendant suggests, somewhat cursory, the court finds these allegations are enough under Rule 12(b)(6)'s liberal standard of review to state a conceivable viable cause action.  *See Lillard*, 76 F.3d at 726 .

Indeed, Plaintiff further explains his theory in his response brief, in which he states his conditions are exacerbated by being forced to reside with smokers who smoke in prison buildings contrary to the policy established by the Director of the

MDOC.  (Pl.'s Resp. at 7).  Plaintiff alleges that the "no smoking" policy maintained by the MDOC is unenforceable.  Moreover, Plaintiff argues that the Director formulated the policy with knowledge of the serious health risks of second-hand smoke as outlined by the Governor's Executive Order 1992-3.  (Pl.'s Resp. at 8.)  The facts as alleged suggest the possibility of deliberate indifference on Defendant's part. The Director was allegedly was sent letters by Plaintiff which alerted the Director of Plaintiff's medical conditions and asked that Plaintiff be placed with non-smoking prisoners. Therefore, dismissal for failure to state a claim upon which relief can be granted is not warranted for Plaintiff's Eighth Amendment claim against Defendant in his official capacity as Director of MDOC.

## B.  State Law Claim

When the Sixth Circuit remanded this case, it also directed the court to make a ruling as to Plaintiff's state claims.  In the present motion, Defendant is moving for dismissal because Plaintiff's complaint does not "properly [assert] a violation of any Michigan state law, nor does it specify which state law was allegedly violated." (Def.'s Mot. at 5.)  Defendant hypothesizes that such a state claim might be based on MCL 740.147b(1)-(3), and states that Plaintiff has not alleged facts sufficient to fulfill this statute's requirements.  (*Id.*)  However, in his response, Plaintiff claims that he "has not asserted such a state-law claim."  (Pl.'s Resp. at 5.)  He also does nothing to clarify what possible state law claim he might be asserting, and because his complaint does not point to a specific state law violation, Defendant's motion as to Plaintiff's state law will be granted, and any possible state law claim will be dismissed.

## C.  Conspiracy

7

Finally, Defendant moves for dismissal of a conspiracy claim based on 42 U.S.C. § 1985.  In his response, Plaintiff claims that any such claim would be "related to a First Amendment, retaliation claim, which it appears, has been dismissed without prejudice," and he does not argue that such a claim is still a part of the present matter.  Therefore, Defendant's motion as to any conspiracy claim based on 42 U.S.C. § 1983 is granted.

### III.  CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss and/or for Summary Judgment" [Dkt. # 65] is DENIED as to the Eighth Amendment claim against William Overton in his official capacity and is GRANTED as to Plaintiff's state law claims and conspiracy claims. The only remaining claim in this case is the Eighth Amendment claim against the Director of the Department of Corrections in his official capacity.


                                        S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE
Dated:  August 15, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 15, 2005, by electronic and/or ordinary mail.


                                        S/Lisa G. Teets
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522