UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK HERMAN FISHER,

    Plaintiff,

v.                                      Case No. 03-CV-71804-DT

PATRICIA CARUSO,

    Defendant.
_____/

**ORDER GRANTING IN PART, DENYING IN PART, PLAINTIFF'S "MOTION FOR TAKING JUDICIAL NOTICE . . ." AND MODIFYING SCHEDULING ORDER**

Pending before the court is Plaintiff Frederick Herman Fisher's "Motion for Taking Judicial Notice . . ." filed on July 5, 2005. Having reviewed the motion, the court concludes that a hearing is unnecessary. See E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Plaintiff's motion in part and deny it in part.

**I. INTRODUCTION**

This matter stems from Plaintiff's May 2003 *pro se* civil rights suit naming ten employees of the Michigan Department of Corrections ("MDOC") as defendants in their personal and official capacities. Plaintiff alleged that the defendants were deliberately indifferent to his health needs because they refused to place him in a smoke-free facility. At this point in the litigation, the only remaining claim seeks injunctive relief against the Director of the Department of Corrections in her official capacity.

In the motion currently before the court, Plaintiff asks the court to take judicial notice of "plaintiff's previously submitted affidavits as well as plaintiff's alleged, [sic]

basis for requesting discovery and for submitting supplemental pleadings." The motion is primarily devoted to attempts to supplement both Plaintiff's June 17, 2005 "Motion for Leave to Request Discovery and Motion for Leave to File Supplemental Pleadings After Discovery," which was denied by the court on July 5, 2005, as well as Plaintiff's opposition brief to Defendant's motion to dismiss, which was denied in part on August 15, 2005. Specifically, Plaintiff asks the court to take judicial notice of various facts contained in affidavits in order to oppose Defendant's motion to dismiss, and Plaintiff further asks the court to take judicial notice of Plaintiff's legal grounds for seeking discovery and amending his complaint. Inasmuch as the court has already ruled on these issues, Plaintiff's instant motion is largely moot.

Nonetheless, now that Defendant's motion to dismiss has been denied in part, discovery should commence between the parties. Accordingly, to the extent Plaintiff's motion seeks discovery on relevant issues, it will be granted. Indeed, Plaintiff asks the court to take judicial notice that plaintiff's request for discovery is limited only to those materials:

(1) within the control of the MDOC Director;

(2) which are material and relevant to the sole remaining Eighth Amendment claim; and

(3) which are limited to Plaintiff's medical records regarding Plaintiff's alleged respiratory disease and the transfer orders which reflect the fourteen prison transfers plaintiff has undergone since the filing of this complaint.

2

(Pl.'s Mot. at 4.) With the exception of the transfer orders,[1] the court finds that such materials are relevant and seemingly discoverable under the Federal Rules of Civil Procedure.[2]

Finally, the court will modify the April 13, 2005 "Scheduling Order," so that discovery may proceed on the sole claim that remains in this action.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Taking Judicial Notice . . ." [Dkt. # 76] is GRANTED IN PART and DENIED IN PART. It is GRANTED to the extent it asks the court to allow discovery on materials:

(1) within the control of the MDOC Director;

(2) which are material and relevant to the sole remaining Eighth Amendment claim; and

(3) which are limited to Plaintiff's medical records regarding Plaintiff's alleged respiratory disease.

Plaintiff's motion is DENIED in all other respects.

IT IS FURTHER ORDERED that the April 13, 2005 Scheduling Order is modified as follows:

1. Deadline for identification of all witnesses including experts: **July 15, 2005**

2. Closing date for completion of all discovery: **January 31, 2006**

---

[1] In light of the court's August 15 ruling that Plaintiff's claim is not moot merely because he was transferred to another prison, the transfer orders are irrelevant.

[2] The court notes, however, that to the extent that Defendant is willing to stipulate to certain facts, producing otherwise relevant documents may be unnecessary and cumulative.

3

3. Dispositive motion deadline: **February 28, 2006**

4. Trial date: **To be set.**

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: August 24, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 24, 2005, by electronic and/or ordinary mail.

          S/Lisa G. Teets
          Case Manager and Deputy Clerk
          (313) 234-5522