**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FREDERICK HERMAN FISHER,

      Plaintiff,

v.                                                    Case No. 03-CV-71804-DT

PATRICIA CARUSO,

      Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S "MOTION FOR ORDER TO COMPEL *IN FORMA***
***PAUPERIS* DISCOVERY"**

Pending before the court is Plaintiff Frederick Herman Fisher's "Motion for Order

to Compel *In Forma Pauperis* Discovery" filed on October 24, 2005.  Defendant filed her

response on November 2, 2005.  Having reviewed the briefs, the court concludes that a

hearing is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below,

the court will grant Plaintiff's motion.

**I.  BACKGROUND**

This matter stems from Plaintiff's May 2003 *pro se* civil rights suit naming ten

employees of the Michigan Department of Corrections ("MDOC") as defendants in their

personal and official capacities.  Plaintiff alleged that the defendants were deliberately

indifferent to his health needs because they refused to place him in a smoke-free

facility.  At this point in the litigation, the only remaining claim seeks injunctive relief

against the Director of the Department of Corrections in her official capacity.

## II.  DISCUSSION

In the motion currently before the court, Plaintiff asks the court to issue an order compelling Defendant to produce three forms of discovery.  First, Plaintiff seeks a copy of any prison medical records relating to any treatment of Plaintiff's alleged respiratory disease.  Next, Plaintiff seeks a copy of his deposition transcript.  Finally, Plaintiff seeks a copy of any and all medical records received by Defendant from the Onaway Medical Center as a result of Defendant's October 12, 2005 subpoena for such records.  (Pl.'s Mot. at 3.)

Defendant does not dispute that these materials are relevant or discoverable.[1] Instead, Defendant maintains that (1) Plaintiff has not submitted a "formal discovery request to defense counsel," (Def.'s Resp. at 3),  and (2) Defendant should not have to bear the costs of copying of these records, (*id.* at 3-4).  The court rejects both of Defendant's arguments and will order Defendant to produce the requested information.

Defendant does not deny that Plaintiff has requested that she provide these three areas of discovery.  Defendant instead argues that Plaintiff has not made a "formal" discovery request.  Defendant does not fully explain what constitutes a "formal" request, and the court finds that Plaintiff has sufficiently complied with Federal Rule of Civil Procedure 34 to put Defendant on notice of the items which Plaintiff seeks.  *See* Fed. R. Civ. P. 34(b) (stating that each request for production shall describe the items to be produce with "reasonable particularity").

---

[1]  Indeed, the court has already held that discovery shall be allowed on materials which are within the control of the MDOC Director; material and relevant to the sole remaining Eighth Amendment claim; and limited to Plaintiff's medical records regarding Plaintiff's alleged respiratory disease.  (8/24/05 Order at 3.)

Defendant also argues that she should not be required to pay for the cost of copying these items because to do so would subject Defendant to an undue burden. Defendant does not submit any affidavit in support of her claim of undue burden, and instead relies on her attorney's unsworn submission that the documents are "voluminous" in that they "consist of hundreds and hundreds of pages."  (Def.'s Br. at 3.) Further, although Plaintiff has offered to have the cost of the copying recorded against his prison account as a negative balance, Defendant argues that Plaintiff should not be allowed to obtain discovery "on credit."  (*Id.* at 4.)

The court notes that Plaintiff's discovery request appears to be narrowly tailored and, at least facially reasonable.  The court also notes that Plaintiff, a *pro se* incarcerated party, appears to be cooperating in Defendant's discovery demands.  He did not object to Defendant's request for a deposition, and apparently signed an authorization for Defendant to obtain his medical records.  (Def.'s Resp. at 1-2; *see also* Pl.'s 7/18/05 Resp. [Dkt. # 84])  The court recognizes Defendant's desire to keep costs low, but is not persuaded that copying the materials at issue will impose an undue burden on Defendant.  *See* Fed. R. Civ. P. 26(b).  Conversely, the medical records and Plaintiff's deposition transcript are likely vital to the issues presented in this Eighth Amendment action.

## III.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Order to Compel *In Forma Pauperis* Discovery" [Dkt. # 90] is GRANTED.

IT IS FURTHER ORDERED that, on or before **November 29, 2005**, Defendant shall provide Plaintiff with copies of: (1) any prison medical records regarding treatment of Plaintiff's alleged respiratory disease; (2) Plaintiff's deposition transcript; and (3) any and all medical records received by Defendant from the Onaway Medical Center as a result of Defendant's October 12, 2005 subpoena for such records.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2005, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\03-71804.FISHER.Compel.wpd