**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDERICK HERMAN FISHER,

    Plaintiff,

v.                                        Case No. 03-CV-71804-DT

PATRICIA CARUSO,

    Defendant.
                                          /

**ORDER DENYING PLAINTIFF'S "MOTION FOR SANCTIONS" AND "AMENDED MOTION FOR SANCTIONS"**

Pending before the court are two motions filed by Plaintiff Frederick Herman Fisher: a November 14, 2005 "Motion to Impose Sanctions" and a December 7, 2005 "Amended Motion to Impose Sanctions." Defendant has filed responses to both motions and also filed a "Supplemental Response Brief" on January 4, 2006. Having reviewed the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motions.

On November 16, 2005, the court issued an order granting Plaintiff's motion to compel and ordering that Defendant provide Plaintiff with copies of: (1) any prison medical records regarding treatment of Plaintiff's alleged respiratory disease; (2) Plaintiff's deposition transcript; and (3) any and all medical records received by Defendant from the Onaway Medical Center as a result of Defendant's October 12, 2005 subpoena for such records. (11/16/05 Order at 3-4.) The court also directed that Defendant provide such copies on or before November 29, 2005.

Two days before this order was issued, on November 14, 2005, Plaintiff filed a motion for sanctions, asking for sanctions because Defendant had not complied with her discovery obligations.  Defendant responded on December 7, 2005, indicating that she complied with the court's November 16 order, thereby fulfilling her discovery obligations, by mailing the requested documents to Defendant on November 17, 2005.  Also on December 7, 2005, Plaintiff filed his "Amended Motion for Sanctions," asserting that he still had not received the documents and was thus entitled to a judgment on the pleadings.[1]  Defendant filed a response to the amended motion on December 29, 2005 again asserting that she mailed the discovery materials to Plaintiff and additionally arguing that a sanctions in the form of a judgment were inappropriate.

Subsequently, on January 4, 2006, Defendant submitted a supplemental brief, with three attached affidavits signed by employees of the Michigan Department of Corrections ("MDOC").  The affidavits indicate that, while the discovery materials arrived at MDOC's warehouse facilities on November 29, 2005, Plaintiff did not actually receive them until December 7, 2005 (after he filed both of his motions for sanctions).  The court is thus persuaded that Defendant has complied with the court's November 16, 2005 order, and sanctions are not warranted.[2]  Accordingly, the court will deny both of Plaintiff's motions.

---

[1] Although the amended motion was filed on December 7, 2005, it was signed by Plaintiff on December 2, 2005, and mailed to the clerk's office thereafter.

[2] The court recognizes that the documents were not in Plaintiff's physical possession until over a week past the court's deadline.  This delay, however, was not the fault of Defendant or Defendant's counsel, who attempted to comply with the court's November 16, 2005 order promptly.  Rather, such delay is sometimes unavoidable where, as here, one of the litigants is a *pro se* prisoner.

IT IS ORDERED that Plaintiff's November 14, 2005 "Motion to Impose Sanctions" [Dkt. # 92] and December 7, 2005 "Amended Motion to Impose Sanctions" [Dkt. # 95] are DENIED.

       S/Robert H. Cleland          
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 6, 2006, by electronic and/or ordinary mail.

       S/Lisa Wagner          
Case Manager and Deputy Clerk
(313) 234-5522