**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDERICK HERMAN FISHER,

    Plaintiff,

v.                                      Case No. 03-CV-71804-DT

PATRICIA CARUSO,

    Defendant.
                                        /

**ORDER DENYING PLAINTIFF'S "SECOND AMENDED MOTION FOR SANCTIONS
IN THE FORM OF JUDGEMENT [SIC] ON THE PLEADINGS"**

Pending before the court is Plaintiff Frederick Herman Fisher "Second Amended Motion for Sanctions in the Form of Judgement [sic] on the Pleadings." The court has previously denied two motions for sanctions on the same underlying facts, (*see* 1/06/06 Order), and the court concludes that a hearing is unnecessary on the instant motion. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion.

Plaintiff's fundamental complaint in his motion is that certain discovery materials were sent to him via United Parcel Service ("UPS"), rather than via United States Postal Service, as Defendant's Proof of Service had indicated. (*See* Def.'s 12/07/05 Resp. at Ex. A, "Proof of Service.") According to Plaintiff, the box of discovery materials were opened by prison officials, and ultimately arrived to him incomplete and in disarray. (Pl.'s Mot. Br. at 2.) Plaintiff asserts that if defense counsel had sent the materials via United States Postal Service, as indicated in Defendant's Proof of Service, and if it had

been marked as "legal mail," then prison officials would have been required to open the box in front of Plaintiff and it would not have arrived to Plaintiff incomplete.  (*Id.*) Plaintiff asserts that he is entitled to sanctions in the form of a default judgment due to defense counsel's actions.

Plaintiff's motion will be denied for two reasons.  First, the actions of which Plaintiff complains are primarily attributed to prison officials, not to Defendant.  Defense counsel is not responsible for the actions of third parties.  Moreover, the challenged actions are, unfortunately, the incidental and often unavoidable side-effects of representing oneself *pro se* as an incarcerated individual.  Other than the alleged misrepresentation in the Proof of Service, there are no actions taken by Defendant which Plaintiff points to as sanctionable behavior.  This alleged misrepresentation is simply not grounds for imposing the "drastic sanction" of default judgment.  *See, generally, Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990); Fed. R. Civ. P. 37.  Indeed, the alleged misrepresentation is not even the cause of Plaintiff's grievance.  What Plaintiff complains most about is the fact that the discovery was shipped via UPS, which he alleges resulted in its poor condition on arrival. Defendant is under no obligation to serve discovery materials on Plaintiff via the United States Postal Service, and Plaintiff has not identified any authority which would impose such a requirement on her.[1]

Second, although cast as a "Second Amended Motion for Sanctions," the substance of Plaintiff's motion is actually a motion for reconsideration of the court's

---

[1]The court, however, encourages Defendant to utilize the United States Postal Service in the future to serve Plaintiff, and to mark any further correspondence "legal mail."  These steps may avoid further motion practice on such issues.

January 6, 2006 Order, in which the court already denied two motions for sanctions on the same underlying events.  Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g).  Plaintiff here has failed to establish either of the two prongs.  Even assuming the truth of Plaintiff's assertion that Defendant misrepresented that the documents were served via United States Postal Service rather than via UPS, this misrepresentation is not a  "palpable defect" which, if corrected, would result in a different disposition of the court's January 6, 2006 Order.  Even Plaintiff does not now contend that Defendant did not in fact serve the requested discovery; he only disputes the method of service.  Thus, nothing in the present motion changes the court's January 6, 2006 conclusion that Defendant has complied with the court's November 16, 2005 order and that sanctions are not warranted.  Accordingly, Plaintiff's motion must be denied.

For the reasons discussed above, IT IS ORDERED that Plaintiff's January 9, 2006, "Second Amended Motion for Sanctions in the Form of Judgement [sic] on the Pleadings" [Dkt. # 99] is DENIED.

   S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2006

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 3, 2006, by electronic and/or ordinary mail.


 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522