UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK HERMAN FISHER,

    Plaintiff,

v.                                          Case No. 03-CV-71804-DT

PATRICIA CARUSO,

    Defendant.
                                /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
RECONSIDERATION TO RECOGNIZE HIS JURY DEMAND,
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION,
AND DENYING PLAINTIFF'S "MOTION TO ADD LETTER . . ."**

Pending before the court are cross motions for reconsideration. On September 29, 2006, Plaintiff filed his motion, challenging the court's conclusion that he has waived his right to a jury trial. (Pl.'s Mot. at 1-2.) Defendant filed her motion on October 2, 2006, asking the court to reconsider its determination that Plaintiff may have a cognizable claim for injunctive relief. (Def.'s Mot. at 4-5.) For the reasons stated below, the court will grant Plaintiff's motion and deny Defendant's motion. Also pending before the court is Plaintiff's October 5, 2006 "Motion to Add Letter . . .," which the court will deny for the reasons given below.

**II. STANDARD**

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR

7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

### III.  DISCUSSION

#### A.  Plaintiff's Motion for Reconsideration

The court in its order denying the parties' cross motions for summary judgment concluded that Plaintiff waived his right to a jury. (9/21/06 Order at 13 n.16.) The court stated that Plaintiff failed to make a jury demand within the ten-day period during the commencement of his action, as prescribed under Federal Rule of Civil Procedure 38(b), and that a one-line request three years later in a motion did not satisfy the requirements of Rule 39(b) for relief from waiver. (*Id.*) Plaintiff now directs the court's attention to the request for relief that he made in May 2003 in his original complaint against Defendant's predecessor. (Pl.'s Mot. at 1-2; 5/15/05 Compl. at 5.) Under the section entitled "Relief," Plaintiff wrote, in addition to a number of other things, that "Plaintiff wants a jury trial." (Pl.'s Compl. at 5.) It appears that, due to an administrative oversight, Plaintiff's jury demand was not processed and the docket sheet erroneously indicated that there was no jury demand. Plaintiff's objection is well-taken. The court was misled by a palpable defect the correction of which will preserve Plaintiff's right to jury. The court will therefore grant Plaintiff's motion for reconsideration. Although a jury will decide whatever factual issues Plaintiff presents, the court reserves for a later time

determination of whether it should decide what injunctive relief, if any, would be appropriate in the event a jury finds in favor of Plaintiff.

### B. Defendant's Motion for Reconsideration

The centerpiece of Defendant's argument rests on the following quotation from the court's order denying summary judgment:

> The court is skeptical that, even if an Eighth Amendment violation is found at trial, it could grant the full extent of relief requested by Plaintiff. Absent compelling case law to the contrary, the court would be extremely hesitant to order MDOC to house Plaintiff in a specific facility. Even if the court had authority to enter such an order, there are myriad administrative variables to be considered in making a prisoner assignment, most of which are outside of the scope of this litigation. Such matters fall within the expertise of MDOC and outside the usual purview of this court. *See Farmer*, 511 U.S. at 846-47.

(9/21/06 Order at 29 (quotation omitted)). Defendant argues that, because (1) injunctive relief is the sole remaining issue in this case and (2) Defendant requests transfer to a certain correctional facility at a certain security level, "the [c]ourt would have to determine exactly what the [c]ourt indicates that it is skeptical of - an order that Plaintiff be housed within a specific facility." (Def.'s Mot. at 3.) Defendant is therefore "unsure of what issues are left to litigate in this matter." (*Id.*)

Defendant's argument is not persuasive. There is no palpable defect in the court's order because, contrary to Defendant's argument, the implication of the court's expressed hesitance is not the foreclosure of *any* option as potential relief for Plaintiff should he prevail at trial. To the extent that Defendant suggests the parties have already litigated available injunctive relief, Defendant's suggestion is plainly wrong. The court further reminds Defendant of the analysis of the court that came shortly after the text Defendant quotes in its motion:

3

> Nevertheless, the court believes that if Plaintiff demonstrates an Eighth Amendment violation at trial, it could be possible to craft some lesser injunctive remedy to vindicate Plaintiff's rights. *See id.* at 846 ("If the court finds the Eighth Amendment's subjective and objective requirements satisfied, it may grant appropriate injunctive relief."). Beyond this, the court will not speculate on what this remedy may be. *See id.* at 847 n.9.

(9/21/06 Order at 30 (quotation omitted)). Again, the court will not speculate further. The court will inform Defendant that the remaining issues to be litigated include at the very least Defendant's alleged liability and, if proven, the appropriate remedy for Plaintiff.

### C.  Plaintiff's "Motion to Add Letter of Formal Complaint and Affidavit in Support of Formal Complaint to the Record in this Cause of Action"

The court will deny the above-captioned motion as premature. At trial, Plaintiff will have the opportunity to present relevant evidence in support of his claim. The court reserves for a later time consideration of the relevancy of the formal complaint and the affidavit that Plaintiff now presents.

### IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Reconsideration . . ." [Dkt #110] is GRANTED. The court's order of September 21, 2006 is modified to correctly reflect that Plaintiff has preserved his right to a jury trial.

IT IS FURTHER ORDERED that Defendant's "Motion for Rehearing or Reconsideration" [Dkt #111] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Add Letter . . ." [Dkt #112] is DENIED.

                                                        S/Robert H. Cleland
                                                        ROBERT H. CLELAND
                                                        UNITED STATES DISTRICT JUDGE

Dated:  October 18, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 18, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522