UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK HERMAN FISHER,

    Plaintiff,

v.                                              Case No. 03-CV-71804-DT

PATRICIA CARUSO,

    Defendant.
                                      /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION FOR RECONSIDERATION OF COURT'S GRANT OF PLAINTIFF'S REQUEST FOR A JURY," DENYING PLAINTIFF'S "MOTION TO DENY DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING JURY TRIAL" AND DENYING PLAINTIFF'S DEMAND FOR A JURY FOR HIS INJUNCTIVE CLAIM**

Pending before the court are motions regarding Plaintiff's jury demand. On October 27, 2006, Defendant filed her motion for reconsideration, challenging the court's recognition of the jury demand. On November 9, 2006, Plaintiff responded and filed a motion in opposition to Defendant's motion. For the reasons given below, the court will grant Defendant's motion and deny Plaintiff's motion.

**I. STANDARD**

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for

reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## II.  DISCUSSION

Defendant contends that Plaintiff has no right to a jury because only his claim for injunctive relief remains.  The court agrees.  "The right of a trial by jury as declared by the Seventh Amendment to the Constitution . . . shall be preserved to the parties inviolate."  Fed. R. Civ. P. 38.  The Seventh Amendment provides that "[i]n Suits at common law . . . the right of trial by jury shall be preserved."  U.S. Const. amend. VII.  Defendant presents to the court *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003), which offers the following helpful analytical framework:

> Assessing whether the Seventh Amendment provides for a jury trial in a specific case "depends on the nature of the issue to be tried rather than the character of the overall action." *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2302, at 18 (2d ed. 1994) ("There is no right to jury trial if viewed historically the issue would have been tried in the courts of equity or otherwise would have been tried without a jury.").  Thus, we resolve the question of whether Plaintiffs are entitled to a jury trial by determining whether the issues involved in the case are legal or equitable in nature.
>
> In *Ross*, the Supreme Court identified a three-part test for reaching the legal-versus-equitable-in-nature conclusion. First, we consider the "pre-merger custom with reference to such questions." *Ross,* 396 U.S. at 538 n. 10, 90 S.Ct. 733.  Second, we consider the "remedy sought" by the plaintiff.  *Id.*  Third, we evaluate "the practical abilities and limitations of juries" with respect to the issue presented. *Id.* The first element troubled many courts, but as we noted in *Hildebrand v. Bd. of Tr. of Mich. State Univ.,* 607 F.2d 705 (1979), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982), the Supreme Court in a later case "shift[ed] the focus to the second issue: the nature of the relief sought."  *Id.* at 708 (citing *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974)).

>Thus we noted that:
>
>>[T]he chief focus to be made when determining whether a jury trial right exists is the nature of the relief sought.  If the remedy sought is injunctive relief and/or back pay, no jury trial right attaches.  In the ordinary case, if the relief sought includes compensatory and/or punitive damages, then there does exist a right to trial by jury.  *Id.*  ("A key dividing line between law and equity has historically been that the former deals with money damages and the latter with injunctive relief."); *see also Tull v. United States,* 481 U.S. 412, 417, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987) (noting that the court must examine the nature of the action and whether the remedy sought is legal or equitable before it can determine if the claim should be tried to a jury).

*Id.* at 909-910.

Viewed historically, it is unclear where a claim like Plaintiff's may have been brought.  Modern American civil litigation brought by prisoners challenging their conditions of confinement may indeed have had no historical analog at all in courts of law or equity.  Nonetheless, because the case law stresses the importance of the nature of relief sought, the court will therefore focus upon the relief Plaintiff is demanding.

While Plaintiff's original complaint demanded considerable monetary damages, his claims for monetary damages have not survived the course of litigation.  On appeal, the Sixth Circuit held that only Plaintiff's claim for injunctive relief remains.  *Fisher v. Overton*, 124 F. App'x 325, 328 (6th Cir. 2005).  A plaintiff who brings claims seeking only relief that is equitable in nature is not entitled to a jury trial.  *Leary*, 349 F.3d at 910 (citing *Harris v. Richards Mfg. Co.,* 675 F.2d 811, 815 (6th Cir. 1982); *Bereslavsky v. Kloeb*, 162 F.2d 862, 864 (6th Cir. 1947), *cert denied*, 332 U.S. 816; *Deringer v. Columbia Transp. Div.*, 866 F.2d 859, 863 (6th Cir. 1989)).  Furthermore, *Leary* upheld the denial of a jury trial for a group of plaintiffs whose legal claims, unlike their equitable ones, were dismissed at the summary judgment stage:

> Although Plaintiffs preserved their right to a trial by jury, a district court is not required to impanel a jury unless a trial will take place. In the instant case, no trial took place because the district court disposed of all of Plaintiffs' claims [at law] on [the defendant's] motions for summary judgment. If there are no issues for a jury, it is not error for the district court to dismiss the Plaintiffs' claims pursuant to a summary judgment motion, thereby implicitly denying their demand and motion for a jury trial.

*Leary*, 349 F.3d at 910. Plaintiff's case presents this court with the same question: whether his jury demand should survive after summary judgment of his claims at law. Because only his equitable claims remain, there are no issues for a jury. Plaintiff's arguments to the contrary, particularly his claim "that injunction [sic] relief, court costs, filing fees are monetary damages," (Pl.'s Mot. at ¶ 2), are unavailing given the above authority.

The court is therefore persuaded that its previous analysis of the jury issue contained a palpable defect the correction of which would lead to a different outcome. The court's previous inquiry was limited to the factual question of whether Plaintiff had indeed preserved his jury demand in the first place. (10/18/06 Order at 2-3.) Although Defendant previously raised the instant argument about injunctive versus legal relief, the court did not reach the issue and it was otherwise not fully briefed. Having reached the merits of the issue, and in light of *Leary*, the court is convinced that Plaintiff's case in its current form does not carry with it the right to a jury trial.

This conclusion, however, does not entail the consequences that Plaintiff alleges in his motion. Plaintiff asserts that Defendant's motion is an attempt to "hide what goes on within [the Michigan Department of Corrections]" and that the public has a right to know about alleged misconduct. (*Id.* at ¶¶ 1, 4.) The court assures Plaintiff that its

4

proceedings--be they jury or bench trials--are, in this case, matters of public record. Plaintiff's day in court does not depend upon his appeal for a jury trial to which he has no right.

### III.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Reconsideration of Court's Grant of Plaintiff's Request for a Jury" [Dkt #116] is GRANTED.  Plaintiff's demand for a jury for his remaining injunctive claim is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Deny Defendant's Motion for Reconsideration of the Court's Order Granting Jury Trial" [Dkt #118] is DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  November 29, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 29, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522