# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FREDERICK HERMAN FISHER,

    Plaintiff,

v.                                                 Case Nos. 03-71804, 06-11110

PATRICIA CARUSO, et al.

    Defendants.
                                     /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' "RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT AND RULE 12(b)(6) MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY"**

Pending before the court is Defendant's "Rule 12(e) Motion for a More Definite Statement and Rule 12(b)(6) Motion to Dismiss Based on Qualified Immunity." Having reviewed the motion and supporting briefs, the court concludes that a hearing is not necessary. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Defendant's motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in May 2003, alleging that various Michigan Department of Corrections ("MDOC") officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment protection against cruel and unusual punishment. Specifically, Plaintiff claimed that, despite his medical condition, these officials failed to take appropriate measures to prevent Plaintiff's exposure to environmental tobacco smoke ("ETS") (also known as secondhand smoke). In his original complaint, Plaintiff sought compensatory

and punitive damages and requested a temporary restraining order preventing the sale of tobacco products at all state prison facilities.  This court entered judgment dismissing Plaintiff's claims without prejudice on November 26, 2003, citing Plaintiff's failure to exhaust administrative remedies with respect to some of the named Defendants, as well as his failure to state a claim.

Plaintiff appealed and the Sixth Circuit affirmed this court's order in part, reversed in part, and remanded for further proceedings.  *Fisher v. Overton*, 124 F. App'x 325, 328 (6th Cir. 2005).  Specifically, the Sixth Circuit affirmed this court's dismissal of nine Defendants, based on Plaintiff's failure to exhaust administrative remedies, and affirmed the dismissal of the damages claim against Defendant Overton, the director of MDOC. *Id.*  The Sixth Circuit also affirmed the dismissal of claims against Overton in his individual capacity.  *Id.*  The Sixth Circuit reversed, however, the dismissal of Plaintiff's claim for injunctive relief against Overton in his official capacity.  *Id.*  On remand, Overton filed a "Motion to Dismiss and/or for Summary Judgment" on May 9, 2005.  The court granted in part Defendant's motion, dismissing Plaintiff's state law claims and conspiracy claim, but denying Defendant's motion to dismiss Plaintiff's claim for injunctive relief against Defendant Caruso in her official capacity.[1]  *Fisher v. Overton*, No. 03-71804, 2005 WL 1982925, at *4 (E.D. Mich. Aug. 15, 2005).  The court later denied the parties' cross-motions for summary judgment.  (9/21/06 Order.)

On March 16, 2006, Plaintiff filed a new civil rights action claiming retaliation by Defendants in response to the filing of his 2003 suit.  The court appointed counsel for

---

[1] Subsequent to Overton's filing of the motion to dismiss, but before the court acted upon the motion, Defendant Caruso was substituted for Overton.  (8/15/05 Order.)

Plaintiff in December 2006. Shortly thereafter, the United States Supreme Court decided *Jones v. Bock*, 127 S.Ct. 910, ___ U.S. ___ (2007), in which it overturned the law of exhaustion in the Sixth Circuit upon which this court previously relied when it dismissed claims against certain named Defendants. This court therefore granted Plaintiff's motion for relief from judgment, consolidated Plaintiffs' two actions and granted leave to file a second amended complaint, which is the subject of Defendants' instant motion. The second amended complaint encompasses Plaintiffs' original claims of deliberate indifference to his exposure to ETS, as well as his subsequent claims of retaliation for filing his 2003 complaint.

## II. STANDARD

"A defendant who makes a motion for a more definite statement under Rule 12(e) may join that motion with a Rule 12(b) motion to dismiss asserting the qualified immunity defense, which should be held in abeyance during the pendency of the Rule 12(e) motion." *Thomas v. Independence Twp.*, 463 F. 3d 285, 301 (3rd Cir. 2006).

### A. Request for More Definite Statement

Federal Rule of Civil Procedure 12(e) allows for the filing of a motion for a more definite statement, and gives the district court the discretion to grant such motion if the pleading complained of "is so vague or ambiguous that [the] party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "Polishing the pleadings by means of motion practice is rarely worth the effort." *Compuware Corp. v. International Business Machines*, 259 F. Supp. 2d 597, 600 (E.D. Mich. 2002) (quoting 5 Charles A. Wright & Arthur A. Miller, Federal Practice and Procedure, § 1218, at 185 (1990)). "Any evidentiary detail a defendant may require is more properly the subject of

3

discovery." *Id.* (citing *Communities for Equity v. Michigan High School Athletics Assoc.*, 26 F. Supp.2d 1001, 1009 (W.D. Mich. 1998)).

## B.  Request for Dismissal

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003); *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  *Claybrook v. Birchwell*, 199 F.3d 350, 354 (6th Cir. 2000) (citing *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).  Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001); *Columbia Natural Res.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Anderson v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001) .  "In practice, 'a . . . complaint must contain either direct or inferential allegations

respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In determining whether to grant a Rule 12(b)(6) motion, "the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III. DISCUSSION

#### A. Request for a More Definite Statement

Rule 8(a)(2) requires only that a pleading setting forth a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of such statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Defendants assert that they need additional information "so that they can prepare an Answer that adequately addresses the complaint allegations against them." (Defs.' Br. at 7.) They claim that they cannot answer the allegations contained in the second amended complaint "because it is so vague that Defendants have no idea what acts or omissions the inmate contends they were involved in." (*Id.* at 1.) Pursuant to Rule 12(e), Defendants request information "regarding dates of alleged unconstitutional occurrences as well as an indication of which specific defendant acted or failed to act." (Defs.' Reply at 2.) Plaintiff suggests that Defendants are "seek[ing] to

5

impose a heightened pleading standard . . . beyond that required by the Federal Rules of Civil Procedure."[2] (Pl.'s Br. at 5.) However, in a recent ruling, the U.S. Supreme Court clarified the meaning of the pleading requirements contained in Rule 8(a). *Bell Atlantic Corp. V. Twombly*, 550 U.S. __, 127 S. Ct. 1955 (May 21, 2007).[3]

The Supreme Court in *Twombly* noted that it is significant that Rule 8(a)(2) requires a "showing" of entitlement to relief, rather than merely a "blanket assertion." *Id.* at 1965, n.3. The Court held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [illegal conduct]." *Id.* at 1965. In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability." *Id.* This interpretation of Rule 8 does not require heightened fact pleading of specifics, "but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

The allegations contained in Plaintiff's second amended complaint are sufficient for this court to infer that Plaintiff is entitled to relief, but do not constitute a "showing" of entitlement beyond mere speculation. In his second amended complaint, Plaintiff

---

[2]Plaintiff's reliance on *Jones v. Bock*, 127 S. Ct. 910 (2007), is misplaced. Although it does stand for the proposition that the adoption of "different and more onerous pleading rules to deal with particular categories of cases should be done through established rulemaking procedures, and not on a case-by-case basis by the court," *id.* at 926, the case was decided in the wholly different context of the Sixth Circuit imposing pleading requirements not provided for by statute or the Federal Rules of Civil Procedure.

[3]Although the Court in *Twombly* held that the complaint did not allege sufficient facts to state a claim to relief and, therefore, granted the defendant's motion to dismiss, its holding was based on the generally applicable pleading requirements of Rule 8(a). Those requirements are equally applicable in the context of a motion for a more definite statement.

thoroughly alleges the existence of personal medical conditions, complications that he experienced while incarcerated, and the actions that he took to address the complications. (Second Am. Compl. ¶¶ 43-61.) He also identifies the individual Defendants and describes in general terms each Defendant's job responsibilities within the Michigan Department of Corrections. (Second Am. Compl. at ¶¶ 2-36.) However, as was the case in *Twombly*, apart from identifying the time span during which the Defendants' alleged violations were supposed to have taken place, the vast majority of the pleadings contain "no specific time, place, or person involved in the alleged [acts or omissions]." *Twombly*, 127 S. Ct. at 1971, n.10. In most instances, the second amended complaint alleges only that "defendants" participated in various unlawful acts or omissions. It provides almost no additional information from which the Defendants may ascertain which Defendant participated or when the act or omission occurred.[4]

Requiring a more definite statement may place a heightened burden on Plaintiff, but the effect of that burden is far outweighed by that which would be placed on the government Defendants if forced to respond to the second amended complaint in its current form. Further, a more definite statement will sharpen the issues and expedite resolution of Plaintiff's claims.

The number of Defendants involved in this suit and the various locations where the alleged acts may have taken place require a more particularized complaint in order

---

[4]The court recognizes that much of the information contained in the second amended complaint is adequate to serve as a basis for informed discovery, however, there are very few averments related to the conduct of any particular Defendant (time, place, person) that would enable an admission or denial without extensive investigation at the pleading stage.

for Defendants to submit any meaningful response.  Given the vague and ambiguous nature of much of the complaint as it relates to time, place or person involved (even viewing the allegations in the light most favorable to the Plaintiff), the grounds for relief consist of little more than "labels and conclusions."  *Twombly*, 127 S. Ct. at 1964-65.  Without more, the averments in Plaintiff's second amended complaint do not establish that the claim to relief is plausible on its face.  Defendants' request for information regarding dates of alleged occurrences and persons who allegedly acted or failed to act is necessary for the Defendants to assert their affirmative defenses, as well as to narrow the amount of investigation needed to answer the complaint.  *Farah*, 122 F.R.D. 24, at 26-27 (E.D. Mich. 1988).

The court expects that Plaintiff will, where possible, allege specific or approximates dates and instances of conduct aimed at particular named Defendants.  At the very least, Plaintiff should provide a timeline or an order of events that sketches when, where and how each Defendant was either 1) deliberately indifferent to his exposure to ETS, 2) engaged in conduct that constitutes retaliation for his earlier filed suit or 3) both.

### B.  Request for Dismissal

In order to enable the judge to make the necessary inquiry, the plaintiff must plead facts that "describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known."  *Dominque v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  Because qualified immunity is an affirmative defense, the

plaintiff is not required to anticipate such defense in his pleading.  *Id.*  However, where the plaintiff is seeking damages under 42 U.S.C. § 1983, "he should normally include in the original complaint all of the factual allegations necessary to sustain a conclusion that defendant violated clearly established law."  *Id.*  "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation."  *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  A court required to rule upon the qualified immunity issue must engage in a two-part fact-specific inquiry.  *Id.* at 201.  The threshold question that the court must ask is: whether, assuming the truth of the allegations,  the facts alleged show that a government officer's conduct violated a constitutionally protected right.  *Id.*  If so, then the next inquiry is to ask: whether that right was clearly established.  *Id.*  This inquiry may be disposed of by determining whether it would be clear to a reasonable person in the defendant's position that the alleged conduct was unlawful in the situation confronted.  *Id.* at 202.  "This inquiry . . . must be undertaken in light of the specific context of the case, not as a general proposition."  *Id.* at 201.

Defendants contend that "a dismissal based on qualified immunity is proper because Plaintiff has failed to include in his complaint specific incidents of wrongdoing by the thirty-five named defendants to this lawsuit."  (Defs.' Br. at 3.)  This is essentially the same argument made in favor of the Defendant's "Motion for a More Definite Statement."  Plaintiff asserts that the second amended complaint satisfies the normal pleading requirements in a case "in which the affirmative defense of qualified immunity is asserted."  (Pl.'s Br. at 6.)

This court agrees with Defendants that "a ruling on qualified immunity 'should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.'" (Defs.' Br. at 2.) (quoting *Saucier*, 533 U.S. at 200.) However, as noted above, a defendant's 12(b) motion to dismiss based upon qualified immunity, offered jointly with a Rule 12(e) motion, should be "held in abeyance during the pendency of the Rule 12(e) motion." *Thomas*, 463 F.3d at 301. Having resolved the 12(e) motion, the court finds that the motion to dismiss should be denied as moot. Because Plaintiff will be filing a more definite statement, the court may not complete the first step of the *Saucier* test because it may not rely upon the second amended complaint for facts alleged that, if true, show that a government officer's conduct violated a constitutionally protected right. *Saucier*, 533 U.S. at 201. Further, even if Plaintiff did not include in the original complaint all of the factual allegations necessary to sustain a conclusion that Defendants violated clearly established law, he would be entitled to an opportunity to amend the original complaint. *Dominque*, 831 F.2d at 676.

## IV.  CONCLUSION

IT IS ORDERED that Defendants' "Rule 12(e) Motion for a More Definite Statement and Rule 12(b)(6) Motion to Dismiss Based on Qualified Immunity" [Dkt. # 133] is GRANTED as it pertains to the request for a more definite statement and DENIED with respect to dismissal.

IT IS FURTHER ORDERED that Plaintiff shall file his third amended complaint no later than **August 20, 2007**.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: June 22, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522